**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| TAMMY J. BAUER, * | |
| * | |
| Plaintiff, * | |
| v. * | No. 3:20-cv-00358-JJV |
| * | |
| KILOLO KIJAKAZI, * | |
| Acting Commissioner, * | |
| Social Security Administration, * | |
| * | |
| Defendant. * | |

**MEMORANDUM AND ORDER**

Tammy J. Bauer, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 21.) Both parties have submitted briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Bauer was forty-eight years old at the time of the administrative hearing. (Tr. 65.) She testified that she attended school through the eighth grade *(id.)* and has past work as a truck driver, house cleaner, home healthcare aide, and caterer. (Tr. 20, 67, 69-71.)

The ALJ[1] found Ms. Bauer had not engaged in substantial gainful activity since December 31, 2016 – the amended onset date. (Tr. 13.) She has "severe" impairments in the form of "degenerative disc disease, status-post cervical fusion, osteoarthritis, post-traumatic stress disorder, and depression." (*Id.*) The ALJ further found Ms. Bauer did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (*Id.*)

The ALJ determined Ms. Bauer had the residual functional capacity to perform a reduced range of sedentary work given her physical and mental impairments. (Tr. 15.) Given her residual functional capacity assessment, the ALJ determined Ms. Bauer could no longer perform her past

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

work, so she used the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 20-21, 103-108.) Based in part on the testimony of the vocational expert, the ALJ determined that Ms. Bauer could perform the jobs of document preparer and table worker – despite her limitations. (Tr. 21.) Accordingly, the ALJ determined Ms. Bauer was not disabled. (*Id*.)

The Appeals Council denied Ms. Bauer's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-6.) Ms. Bauer then filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ's mental residual functional capacity assessment is not supported by any medical evidence and that the ALJ improperly discounted the opinions of her medical provider, Kendra Fuller, LPC. (Doc. No. 16 at 6-8, 12.) Specifically, Ms. Bauer argues the ALJ's opinion is unsupported by any medical opinions because she "implicitly disagreed" with the state agency physicians and dismissed the opinions of Ms. Fuller.

While Plaintiff's point is a fair one, the ALJ was not required to rely on one or the other. The Commissioner persuasively cites to Cox v. Astrue, 495 F.3d 614 (8th Cir. 2007). In that case, the United States Court of Appeals for the Eighth Circuit held:

> Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001) (citing *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir.2000)). Accordingly, the regulations provide that treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability. 20 C.F.R. § 416.912(e). Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Lauer*, 245 F.3d at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from

3

medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. *620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

*Id.* at 619-620.

Here, the ALJ fairly considered all of the evidence of record.  (Tr. 16-20.)  Although Plaintiff surely disagrees, the fact that the ALJ found more limitation than the state agency doctors is proof of her thorough consideration of the evidence as a whole.  Accordingly, I find this argument to be without merit.

With regard to Plaintiff's argument regarding her medical provider, Ms. Fuller completed a Treating Source Statement in November 2019 wherein she diagnosed Plaintiff with post-traumatic stress disorder, acute and major depressive disorder, recurrent, mild.  (Tr. 837.) Ms. Fuller stated, ". . . Ms. Bauer suffered such physical pain and suffering from the accident and was unable to work or participate in enjoyable life activities and over time this put her in a state of depression." (*Id.*)  Ms. Fuller concludes that Ms. Bauer's pain, suffering and anxiety affect her daily.  (*Id.*)

If fully credited, Ms. Fuller's opinions would likely mean that Plaintiff was disabled. However, the ALJ determined that Ms. Fuller's opinion was unsupported by the other evidence of record, including her own Treating Source Statement and Plaintiff's testimony.  The ALJ stated:

> Ms. Fuller's opinion appears to be more thorough and further restrictive than the *Treating Source Statement* she offered. In the opinion, Ms. Fuller indicated that the claimant could not competently perform very short and simple instructions or make simple work-related decisions, but she later opined that the claimant has lesser restrictions asking simple questions or requesting assistance, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in a routine work setting, deal with normal work stress, and understand and remember very short and simple instructions. (Ex. 17F). Ms. Fuller's opinion does not reflect the forward progression of limitations and restrictions in the claimant's mental capacity and is internally inconsistent. Additionally, Ms. Fuller's opinion appears to be based on information outside of her professional relationship with the claimant and beyond the terms of treatment. The claimant testified to and Ms. Fuller corroborated that the claimant spoke to Ms. Fuller on the telephone, wherein Ms.

4

> Fuller sometimes addressed her symptoms. However, Ms. Fuller did not record or present any of the therapy she offered during these times. The record reflects that Ms. Fuller had a three-month treating relationship with the claimant, although she testified that she offered her services past that time on a pro bono basis. Nonetheless, Ms. Fuller's opinion is more subjective than it is objectively following her statement and treatment notes. Ms. Fuller's *Treating Source Statement* indicates that the claimant showed some progress and was able to glean help from the services. Regardless of the claimant's need for further treatment, the opinion that the claimant is unable to work is an opinion reserved for the commissioner, and Ms. Fuller's opinion is not persuasive enough to overcome that position.

(Tr. 19-20.)

After careful review, I find the ALJ's opinion is supported by substantial evidence. It is not unreasonable for the ALJ to have discounted Ms. Fuller's opinion because it appeared to draw conclusions from what were primarily subjective complaints by Plaintiff, internally inconsistent, and inflated. I also find it noteworthy that Ms. Fuller's records reflected Plaintiff's need for only conservative treatment, which appeared to have been efficacious in the short time of treatment. (Tr. 17, 19-20, 840-45).  Additionally, it is noteworthy that beyond Ms. Fuller's opinion, there is no evidence, other than Ms. Bauer's subjective testimony of her difficulties with memory and other mental impairments, that supports a finding of disability caused by Ms. Bauer's problems associated with such mental impairments. The ALJ fairly evaluated these opinions given the overall medical evidence of record.

With regard to development of the record, Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  I find no error here.

Plaintiff is reminded she had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The ALJ is permitted to

5

issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Accordingly, the ALJ fully and fairly developed the record here.

Plaintiff has advanced other arguments which I find are without merit. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Bauer's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this  1st  day of December 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE